UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHEN SAUNDERS, | ) | 3:18-cv-00198-HDM-WGC |
| Plaintiff, | ) ) ) | ORDER |
| vs. | ) ) | |
| ALLSTATE INDEMNITY, | ) ) | |
| Defendant. | ) ) | |

Before the Court is the Defendant Allstate Indemnity's ("Defendant") partial motion to dismiss (ECF No. 7). Plaintiff Stephen Saunders ("Plaintiff") has not filed a response, and the time for doing so has since passed.

Also before the Court is Defendant's alternative motion to stay claims for bad faith (ECF No. 8). Plaintiff has not filed a response, and the time for doing so has since passed.

**I. BACKGROUND**

This is a removed case filed on April 4, 2018 in the Second Judicial District Court of Nevada for the County of Washoe County. (*See* ECF No. 1). Plaintiff alleges that he was in an automobile

1

accident and incurred medical expenses and other damages in excess of $250,000. (ECF No. 1-1 at 3-4). Plaintiff alleges that he is entitled to Underinsured Motorist coverage of $250,000 under the policy Defendant issued to the owner of the vehicle Plaintiff was driving at the time of the accident. (*Id.*) Plaintiff alleges that he has asked Defendant to pay $250,000 for his claim, but Defendant has denied the claim. (*Id.*) Plaintiff asserts four causes of action against Defendant: (1) breach of contract; (2) bad faith; (3) breach of Nevada Unfair Claims Settlement Practices Act; and (4) punitive damages (*Id.* at 4-6).

**II.   LEGAL STANDARD**

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

**III. DISCUSSION**

Defendant moves to dismiss Plaintiff's second, third, and fourth causes of action for failure to state a claim, or in the

alternative, Defendant requests this Court sever the bad faith claims and stay them until the benefits claim is decided. (*See* ECF Nos. 7, 8).

Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed.R.Civ.P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *See also, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). It is unnecessary for the Court to consider the factors for dismissal set forth in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), because this order only dismisses three of the four claims. Therefore, Plaintiff's failure to respond to Defendant's motion constitutes consent to granting of the motion.

## IV. CONCLUSION

For the reasons stated above, it is hereby ordered that Defendant's partial motion to dismiss the second, third, and fourth causes of action (ECF No. 7) is **GRANTED**.

It is further ordered that Defendant's alternative motion to stay (ECF No. 8) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: This 11th day of June, 2018.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE